IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

IN RE: WILLIAM THOMAS HARRIS, III, DEBTOR  CASE NO.: 6:10-bk-71807
                                    CHAPTER 13

## MEMORANDUM OPINION AND ORDER

On January 5, 2011, William Thomas Harris, III, the debtor ("debtor"), filed an *Objection to Claim* ("Objection") as docket entry 67 alleging that Sysco Arkansas, LLC ("Sysco") filed an untimely proof of claim. Sysco responded on February 4, 2011, by filing *Sysco Arkansas, LLC's Response to Debtor's Objection to Claim* ("Response"). The court held a hearing on the Objection and Response on February 23, 2011. The parties were afforded additional time to brief the issues presented. For the reasons stated below, the debtor's Objection is overruled.

### I. Jurisdiction

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rules of Bankruptcy Procedure 9014 and 7052.

### II. Findings of Fact

In 2009, Sysco filed a lawsuit in state court against the debtor regarding an unpaid business debt.[1] Sysco obtained a judgment against the debtor in the approximate sum of $33,000. Sysco subsequently initiated a garnishment of rental income checks that the debtor received from the tenant of his dental office. On April 8, 2010, the debtor filed a voluntary petition under Chapter 13. (Debtor's Ex. 1.) Sysco was not listed as a creditor on the debtor's

---

[1] *Sysco Arkansas, LLC v. Starving Angler, Inc. d/b/a Hungry Fisherman and Tom Harris*, Circuit Court of Garland County, Arkansas, Case No.: CV-2009-710-III.

1

creditor matrix.  (Docket Entry 1.)  On April 9, 2010, the clerk of court filed a *Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines* ("Notice") in the debtor's case as docket entry 4.  (Debtor's Ex. 2.)  The Notice provided a deadline or bar date of August 10, 2010, for creditors to file proofs of claims.  (Debtor's Ex. 2.)  Docket entry 4-1 reflects that the Notice was not forwarded to Sysco or any representative for Sysco.

On May 6, 2010, the debtor filed his schedules, summaries, and other documents as docket entry 8.  (Debtor's Ex. 3.)  The debtor's *Schedule F-Creditors Holding Unsecured Nonpriority Claims* listed "Sysco, c/o Paul Hickey, PO Box 26278, Little Rock, AR 72221" with a judgment in the sum of $33,000.  (Debtor's Ex. 3.)  Paul Hickey represented Sysco in the state court litigation and assisted Sysco in garnishing the debtor's rental income pre-petition.  The debtor's schedules did not include an amended creditor matrix.[2]  Instead, the schedules included a verification signed by the debtor that the "attached list of creditors is true and correct to the best of his/her knowledge."  (Docket Entry 8 at 31.)

After learning of the debtor's bankruptcy filing in late September, 2010, Sysco filed its proof of claim as claim 12-1 for $37,666.57 on October 8, 2010.  (Debtor's Ex. 6.)  Ben Nix, Director of Credit for Sysco, testified that neither he nor anyone at Sysco received notice of the debtor's bankruptcy filing prior to September, 2010.  The debtor filed his Objection to Sysco's proof of claim on January 5, 2011, and Sysco filed its Response on February 4, 2011.

### III.  Discussion

The debtor contends that Sysco's proof of claim was filed untimely and should be disallowed.  Sysco responds that "[d]ue process and fundamental fairness require actual notice of

---

[2] In his *Brief in Support of Debtor's Objection to Claim* ("Brief"), the debtor contends that he submitted a revised creditor matrix with his Chapter 13 Plan filed as docket entry 11.  (Debtor's Br. at 1; Debtor's Ex. 4.)  However, the ECF docket does not reflect that the matrix, which is attached to the debtor's Brief, was filed.

2

the debtor's bankruptcy in time to permit creditors to file proofs of claim.  Sysco was denied this opportunity[.]" (Resp. at 1.)  Sysco alternatively contends that "the debtor's failure to list Sysco in its petition and schedules in time to permit Sysco to file a proof of claim renders the debt nondischargeable under 11 U.S.C. §[ ] 1328(a)(2) pursuant to 11 U.S.C. § 523(a)(3)."  (Resp. at 2.)

### A.  Notice

The debtor asserts that Sysco's proof of claim should be disallowed because the debtor properly provided notice of his bankruptcy filing to Paul Hickey, an attorney who represented Sysco in the state court litigation involving the debtor and who attempted pre-petition to collect Sysco's judgment by garnishing the debtor's rental income checks.

"The general rule in bankruptcy cases, as well as other types of cases, is that notice served upon counsel satisfies any requirement to give notice to the party." *In re Griggs*, 306 B.R. 660, 665 (Bankr. W.D. Mo. 2004) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92 (1990)).  "While an attorney need not have been retained to represent a creditor in a bankruptcy case or be a bankruptcy attorney in order for this rule to apply, it is important that there be some nexus between the creditor's retention of the attorney and the creditor's issues with the debtor." *Id.* (citing *Chanute Prod. Credit Assoc. v. Schicke* (*In re Schicke*), 290 B.R. 792, 802-03 (B.A.P. 10th Cir. 2003)).  Some courts have defined the necessary nexus to include pre-petition representation of a creditor in obtaining a judgment against the debtor or in collecting a balance due on a defaulted debt.  *Id.* (citing *Schicke*, 290 B.R. at 803); *Ford Motor Credit Co. v. Weaver*, 680 F.2d 451, 457 (6th Cir. 1982) (citations omitted).

The court need not address whether Paul Hickey's pre-petition representation of Sysco constituted a sufficient nexus for the debtor to assume that Paul Hickey was Sysco's agent for

3

notice in the bankruptcy case. Rather, the court finds that Sysco did not receive proper notice of the debtor's bankruptcy filing as the debtor neglected to include Sysco or any representative of Sysco on the debtor's creditor matrix, which was filed with the debtor's petition. (Docket Entry 1.)

Federal Rule of Bankruptcy Procedure 1007(a)(1) states that a debtor in a voluntary bankruptcy case "shall file with the petition a list containing the name and address of each entity included or to be included on Schedules D, E, F, G, and H as prescribed by the Official Forms." When the debtor filed his "emergency skeleton bankruptcy petition," he failed to list Sysco on his creditor matrix. (Debtor's Br. at 1; Docket Entry 1.) The debtor's schedules, which listed "Sysco c/o Paul Hickey" on Schedule F, were filed on May 6, 2010—twenty-seven days after the clerk of court filed her Notice informing creditors of the deadline to file proofs of claims. The clerk forwarded the Notice only to those creditors listed on the debtor's creditor matrix filed with the petition. (Docket Entry 4-1.) Additionally, the debtor failed to amend his creditor matrix when he filed his schedules. Since Sysco was not listed on the debtor's creditor matrix, neither Sysco nor any representative of Sysco received notice of the bar date for filing a proof of claim.

### B. Sysco's Proof of Claim

Even though Sysco did not receive notice of the bar date, the court must consider whether Sysco's belated proof of claim should be allowed. Creditors can file proofs of claims in a bankruptcy case pursuant to 11 U.S.C. § 501(a). Any claim filed "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a) (2011). Section 502(b) details the grounds that a party may utilize in objecting to a proof of claim. Subsection (b)(9) provides:

> proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a)[3] of this title or under the Federal Rules of Bankruptcy Procedure, except that a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide, and except that in a case under chapter 13, a claim of a governmental unit for a tax with respect to a return filed under section 1308 shall be timely if the claim is filed on or before the date that is 60 days after the date on which such return was filed as required.

11 U.S.C. § 502(b)(9) (2011).

Thus, 11 U.S.C. § 502(b)(9) permits the disallowance of an untimely filed proof of claim. In analyzing what constitutes an untimely filed proof of claim, the court looks to Federal Rule of Bankruptcy Procedure 3002(c), which states:

> In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows[.]

Rule 3002 lists six exceptions to the ninety-day rule for filing proofs of claims. Sysco's lack of notice regarding the claims bar date does not fall within one of the exceptions enumerated in Rule 3002(c). Additionally, the ninety-day time period contained in Rule 3002(c) cannot be enlarged under Rule 9006(b). See FED. R. BANKR. PROC. 9006(b)(3). "Specifically, Rule 9006(b)(3) states that '[t]he court may enlarge the time for taking action under Rule[ ] . . . 3002(c) . . . *only* to the extent and under the conditions stated in [that] rule [ ].'" *Griggs*, 306 B.R. at 663 (citation omitted).

While the language contained in the Code and the Rules greatly restricts the rights of creditors who do not receive notice of a debtor's bankruptcy filing, courts are split on the issue of whether a "creditor who has received no notice in a Chapter 13 case should be entitled to file a

---

[3] Section 726(a) permits a creditor who does not receive notice of a debtor's bankruptcy filing to file an untimely proof of claim. See *Griggs*, 306 B.R. at 663. This section does not apply to the present case as the debtor filed a voluntary petition under Chapter 13.

5

late proof of claim notwithstanding the provisions of Bankruptcy Rules 3002(c) and 9006(b)." *In re Barnes*, No. 07-31157, 2008 WL 2397618, at *2 (Bankr. D. N.D. June 10, 2008). Some courts rely on a strict interpretation of the Rules "without allowances for equitable considerations[.]" *Id.* (citations omitted). The Fifth Circuit Court of Appeals has relied on a strict interpretation by ruling that "[b]ankruptcy courts cannot use their equity powers under Section 105(a) to fashion substantive rights and remedies not contained in the Bankruptcy Code or Rules or to negate substantive rights or remedies that are available." *Omni Mfg., Inc. v. Smith* (*In re Smith*), 21 F.3d 660, 666 (5th Cir. 1994) (citation omitted). In *Smith*, the court refused to permit a creditor to file a late proof of claim when the debtor neglected to properly notice the creditor of his bankruptcy. *Id.* The court relied on a strict reading of Rules 3002(c) and 9006(b).[4] *Id.*

"However, the majority of those courts [who rely on a strict interpretation] ha[ve] recognized, on separate theories, the authority of [a] bankruptcy court to allow late claims when adequate notice of the bankruptcy proceeding is not provided to allow the filing of timely claims." *Barnes*, 2008 WL 2397618, at *2. The *Barnes* court also noted that certain courts permit the filing of late proofs of claims based on equitable grounds relying on the principle of due process. *Id*. (citing *United States v. Cardinal Mine Supply, Inc*., 916 F.2d 1087, 1089 (6th Cir. 1990); *Zidell*, *Inc*. *v. Forsch* (*In re Coastal Alaska Lines, Inc.*), 920 F.2d 1428, 1430 (9th Cir. 1990)). The *Barnes* court further noted:

> Section 501 gives scant protection to a creditor who fails to file a proof of claim because it was deprived of notice . . . Unlike other Code chapters, no back door provisions under Chapter 13 otherwise allow the creditor with no notice to participate in distributions. For these reasons, a creditor who has received no

---

[4] In so ruling, the court granted the creditor relief in the form of 11 U.S.C. § 523(a)(3) by declaring the debt owed to the creditor nondischargeable.

> notice in a Chapter 13 case should be entitled to file a late proof of claim notwithstanding the provisions of Bankruptcy Rules 3002(c) and 9006(b).

*Id.* at *3 (quoting *United States v. Cole* (*In re Cole*), 146 B.R. 837, 841 (Bankr. D. Col. 1992)). The *Barnes* case involved a debtor who served notice of his bankruptcy filing on the creditor's previous attorney, who resided in a different state. *Id.* The court found the debtor's notice to be insufficient. *Id.* Based on due process grounds, the court permitted the creditor to file his claim after the bar date. *Id.*

Other courts have concurred with the analysis in *Barnes* and relied on equitable grounds to permit the filing of an untimely proof of claim. In *Griggs*, the court implied that a court "may be empowered to invoke the Due Process Clause and grant a motion to file a proof of claim out of time in a Chapter 13 case if the creditor did not receive notice of the bar date[.]" 306 B.R. at 665. However, the court declined to extend such relief to the creditor as the creditor's agent had received notice of the bar date and neglected to take action until thirteen months after the bar date had passed. *Id.* at 662, 666.

In *In re Rose Exterminator Co., Inc.*, the court noted that "[d]ue process demands that a creditor in a Chapter 11 case receive reasonable notice of a claims bar date before it is effective against him." 135 B.R. 637, 638-39 (Bankr. E.D. Mo. 1992) (citing *New York v. N.Y., N.H. & H.R. Co.*, 344 U.S. 293, 297 (1953)). Since the debtor failed to notify the creditor of the claims bar date, the court permitted the creditor to file a late proof of claim. *Id.* at 639.

This court adopts the more equitable approach as consistent with fundamental due process. It would be inequitable to proscribe a creditor's right to file a proof of claim after the bar date when a debtor's omission of the creditor on his creditor matrix resulted in the creditor failing to receive notice of the deadline to file proofs of claims. In this case, Sysco clearly did

7

not receive notice of the bar date for filing proofs of claims. As such, the debtor's Objection is overruled, and the proof of claim filed by Sysco is allowed.

## IV. Conclusion

For the reasons stated herein, the court finds that the debtor's Objection is overruled. Sysco's proof of claim, filed as claim 12-1, is hereby allowed.

IT IS SO ORDERED.

Dated this 5th day of April, 2011.

_____
RICHARD D. TAYLOR
UNITED STATES BANKRUPTCY JUDGE


cc:   William Thomas Harris, III, Debtor
      Marc Honey, Attorney for the Debtor
      James L. Phillips, Attorney for Sysco
      Jack W. Gooding, Chapter 13 Standing Trustee